**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CHRISTINE DAWSON, Guardian and                                                    PLAINTIFF
Next Friend of V.D., a Minor

v.                                                  No. 5:10CV00213 JLH

PINE BLUFF SCHOOL DISTRICT;
PINE BLUFF SCHOOL BOARD;
FRANK ANTHONY, Individually and in
His Official Capacity as Superintendent of the
Pine Bluff School District; and
JIMMY L. FISHER, W.R. NORFUL,
TYRA TYLER-JOHNSON, DAVID BROWN,
DONNA BARNES, CHANDRA GRIFFIN,
and HERMAN HORACE, Individually and in
their Official Capacities as Members and
Directors of the Pine Bluff School Board                                             DEFENDANTS

**OPINION AND ORDER**

V.D. was pregnant during the 2009-2010 school year, which was her junior year at Pine Bluff High School, when she successfully participated in a series of science fairs. She submitted a science project to her high school science teacher, then participated in a district science fair at the University of Arkansas in Pine Bluff, in which she placed second, after which she participated in a regional science fair at the University of Arkansas at Monticello, where she won first place, which qualified her to participate in an international science fair held in San Jose, California, in May of 2010, while she was seven months pregnant.[1] Over the years when a student from Pine Bluff High School qualified to participate in the international science fair, Pine Bluff High School has usually, but not always, sent a high school science teacher with the student. In V.D.'s case, no high school teacher was willing to assume the responsibility of accompanying V.D. on a long trip during the

---

[1] The evidence established that V.D. delivered her child in July of 2010.

latter stages of her pregnancy, so her mother, Christine Dawson, a special education teacher in an elementary school in the Pine Bluff School District, accompanied her.

Christine Dawson brings this action as guardian and next friend of V.D., alleging that the Pine Bluff School District, the superintendent, and the members of the Pine Bluff School Board are liable for discrimination against V.D. on account of her sex in violation of 20 U.S.C. § 1681. She also brings actions under 42 U.S.C. § 1983 alleging that V.D. was deprived of property without due process of law, that her substantive due process rights were violated, and that she was deprived of her right to equal protection of the laws in violation of the Fourteenth Amendment. Finally, she asserts that the defendants are liable for intentional infliction of emotional distress under state law. All of these claims are based on the fact that the school district did not send a teacher representative from the high school science department with V.D. to the international science fair.

The defendants filed a motion for summary judgment. For the reasons to be explained, that motion is granted.

The provision in Title IX at issue states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance[.]

20 U.S.C. § 1681(a). This provision "has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals. *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257, 129 S. Ct. 788, 796, 172 L. Ed. 2d 582 (2009). Accordingly, the plaintiff's claims against the individual defendants must be dismissed.

As to the Pine Bluff School District, the issue is whether the district violated that provision when it failed to send a teacher representative with V.D. to the international science fair. The

undisputed evidence established that the school district never compels any teacher to go to the international science fair; if a teacher goes, he or she goes voluntarily. The undisputed testimony of Wilma Kindle (Exhibit X to the motion for summary judgment) established that on two prior occasions a Pine Bluff High School student qualified for the international science fair but the science teacher who taught that student chose not to go. One of those instances involved a non-pregnant female student. That student's mother, who was a teacher at Pine Bluff High School, accompanied her to the international science fair. The other instance involved a male student. When no teacher was willing to go, the student's father accompanied him. No one from the Pine Bluff School District went with that student. These are the students who were similarly situated to V.D. In neither instance did the Pine Bluff School District compel a teacher to accompany the student to the international science fair. Instead, in both instances, the student's parent accompanied the student, which is exactly what happened here. Thus, there is no factual basis for the plaintiff's contention that V.D. was denied any benefit of or subjected to discrimination under any educational program or activity receiving federal financial assistance because of her sex. For the same reason, the plaintiff's equal protection claim fails.

To prevail on a claim that her due process rights were violated, whether they were procedural or substantive rights, the plaintiff must establish that V.D. had a constitutionally protected property interest of which she was deprived. *Davenport v. Univ. of Ark. Bd. of Trustees*, 553 F.3d 1110, 1114 (8th Cir. 2009); *Bituminous Materials, Inc. v. Rice Co., Minn.*, 126 F.3d 1068, 1070 (8th Cir. 1997). A property interest is created by state law and is a legitimate claim of entitlement, not merely a subjective expectancy. *Id*. The plaintiff does not identify any basis in state law for concluding that V.D. had a property interest in being accompanied by a teacher representative from the science

department of Pine Bluff High School to the international science fair in California. Consequently, both her procedural due process claim and her substantive due process claim must fail.

V.D.'s final claim is for intentional infliction of emotional distress under state law. Having dismissed V.D.'s claims that arise under federal law, the Court declines to exercise supplemental jurisdiction over her claim that arises under state law. *See* 28 U.S.C. § 1367(c)(3).

For the reasons stated, the defendants' motion for summary judgment is GRANTED. Document #8. All of the plaintiff's claims that arise under federal law are dismissed with prejudice. Plaintiff's state-law claims are dismissed without prejudice.

IT IS SO ORDERED this 10th day of November, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE